IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHNNY RATLIFF     PETITIONER
ADC #129918
v.     Case No. 5:18-CV-00230 KGB-JTK

WENDY KELLEY, Director,
Arkansas Department of Correction     RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

      3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## INTRODUCTION

Pending before the Court is a petition for writ of habeas corpus (DE #1) filed pursuant to 28 U.S.C. § 2254 by Petitioner, Johnny Ratliff, an inmate in the Arkansas Department of Correction ("ADC"). For the reasons that follow, the undersigned recommends that the petition be dismissed with prejudice.

## PROCEDURAL HISTORY

A Pulaski County (Arkansas) Circuit Court sentenced Petitioner as a habitual offender to five terms of life imprisonment plus thirty years for rape, aggravated robbery, three kidnapping counts, and theft of property charges. (DE# 5-8) The underlying facts are that on or about December 2, 2001, Petitioner car jacked April Rice and her two young daughters at a gas station at around 7:00 p.m., after which he raped Rice and held her and her daughters for a couple of hours before dropping them off on a dark rural road and driving off in her vehicle. (DE # 5-2) On direct appeal to the Arkansas Supreme Court, Petitioner argued (1) because he

voluntarily released his three victims alive and in what he considered to be a safe place, the Class Y kidnapping charges should have been reduced to Class B kidnapping, and (2) the trial court erred in denying his *Batson* challenge to the prosecution's peremptory strikes exercised against African-American venire person. The Arkansas Supreme Court found no error and affirmed the trial court. *See Arkansas v. Ratliff*, 359 Ark. 479, 199 S.W.3d 79 (2004).

In February 2005, Petitioner filed a state post-conviction Rule 37 petition in the Pulaski County Circuit Court, arguing counsel was ineffective for failing to file a speedy-trial motion. (DE #5-3) On May 17, 2005, the trial court entered an order denying relief. (DE #5-4) Petitioner filed a Notice of Appeal on June 17, 2005. (DE #5-5) Petitioner either abandoned the appeal or the matter was dismissed due to the untimely notice of appeal or the failure to file the transcript. (DE #5-6) Over a decade later, Petitioner sought state habeas relief in Lee County Circuit Court. (DE #1, pp. 2, 24-26) The court denied the petition. *Id.* (DE #5-8) On appeal from the denial of state habeas relief, Petitioner argued the circuit court abused its discretion in failing to find that he stated sufficient grounds for the writ when he alleged that (1) there was insufficient evidence to support the enhancements to the sentences for prior convictions noted in the judgment, and (2) he was not competent when the crimes were committed or to stand trial. (DE #5-7) The Arkansas Supreme Court affirmed the denial of the writ. *Ratliff v. Kelley*, 2018 Ark. 105, 541 S.W.3d 408 (2018). Petitioner subsequently filed the instant federal habeas petition.

In the pending federal petition, Petitioner advances three claims for relief: (1) he was denied due process at trial due to an "unreliable mental evaluation," (2) he was denied due

process in having his sentence enhanced as a habitual offender, and (3) he received ineffective assistance of trial and appellate counsel in violation of his Sixth Amendment rights. (DE #1) Respondent filed a Response, and she admits Petitioner is in her custody but denies he is entitled to any habeas relief. (DE #5) Instead, Respondent asserts Petitioner's claims are time barred and procedurally defaulted. *Id.*

## DISCUSSION

### A. Timeliness

A state prisoner seeking to challenge his state court conviction in federal court generally must file a petition for habeas relief within one year of the date the "judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When the prisoner is entitled to appeal his state conviction to the United States Supreme Court, the judgment of conviction becomes "final" when the Supreme Court "affirms [the] conviction on the merits or denies a petition for certiorari," *or*, if certiorari is not sought, when the time for filing such a petition expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

On December 2, 2004, the Arkansas Supreme Court affirmed Petitioner's convictions. He elected not to file a petition for writ of certiorari with the United States Supreme Court. Thus, Petitioner's conviction became "final" on March 2, 2005, the date the ninety-day period for seeking certiorari expired. From that date, Petitioner had one year, until March 2, 2006, to file a federal habeas action challenging his convictions. He initiated this action on September 10, 2018, well over a decade after the one-year statute of limitations, and unless the Court

determines there was statutory or equitable tolling, this petition is clearly untimely.

### 1. Statutory Tolling

The federal limitations period is statutorily tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the petition "has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002). The trial court denied Petitioner's first post-conviction action in May 2005, and the matter was never ruled upon due to an untimely notice of appeal or an abandoned appeal. The second post-conviction action occurred much later in May 2016. It is the Court's position that neither of these actions had a tolling effect because they were improperly filed and outside the statute of limitations period respectively. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of [statutory tolling under] § 2244(d)(2)."); *Jackson v. Ault*, 452 F.3d 734, 735-736 (8th Cir. 2006) (the statute of limitations for filing a federal habeas action "cannot be tolled after it expires").

### 2. Equitable Tolling

There is likewise no basis for equitable tolling. A federal habeas petitioner may be entitled to equitable tolling of the statute of limitations if he can show that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010). The fact that Petitioner was attempting to pursue state post-conviction relief during part of the included time

does not excuse his lack of diligence. *See Pace*, 544 U.S. at 416 (refusing to apply equitable tolling during period petitioner was "trying in good faith to exhaust state remedies," and observing that petitioner could have filed a "protective" habeas petition in federal court). Petitioner's attempt at post-conviction review failed to toll the limitations period because it was both untimely and not properly filed. His second attempt also failed because it was well beyond the expiration of the statute of limitations. Accordingly, equitable tolling is unwarranted, and the petition is time barred.

To the extent Petitioner asserts that his mental faculties prevented him from seeking federal habeas timely, it must fail. Generally, pro se status and the lack of knowledge due to a myriad of reasons, including alleged mental incapacity, do not warrant equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336-337 (2007). The Eighth Circuit has recognized that a habeas petitioner's "mental impairment can be an extraordinary circumstance interrupting the limitation period," if the impairment is of sufficient degree and duration. *Nichols v Dormire*, 11 F. App'x 663, 634 (8th Cir. 2001). For mental illness to excuse the procedural bar arising from the failure to pursue state post-conviction remedies, the petitioner must make a conclusive showing that he or she was incompetent at the time of the post-conviction proceedings. *See Gordon v. Arkansas*, 823 F.3d 1188, 1196 (8th Cir. 2016). There must be "a conclusive showing that mental illness interfered with a petitioner's ability to appreciate his or her position and make rational decisions regarding his or her case at the time during which he or she should have pursued post-conviction relief." *Id.* at 1197. Petitioner's actions of filing a direct appeal, a Rule 37 petition and appeal, and a state habeas petition and appeal cut against any accusation that

mental illness prevented him from taking action. Furthermore, Petitioner's "information newly discovered" remains unidentified, although Respondent suggests that it may be the Arkansas Supreme Court's reversal in 2014 of a death penalty case where the State used the same expert used to evaluate Petitioner. Petitioner has failed to meet his burden of demonstrating diligence sufficient to toll the statute of limitations.

### B. Procedural Default

Petitioner's claims are also procedurally defaulted. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

7

Petitioner failed to present any of his arguments for a complete round of review by the state courts, so his claims are procedurally defaulted. Even if it is assumed that he has established cause for the defaults, Petitioner has failed to establish sufficient prejudice. *See Trevino v. Thaler*, 133 S. Ct. 1911 (2013); *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

## CONCLUSION

IT IS THEREFORE RECOMMENDED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (DE #1) be dismissed, with prejudice and the relief prayed for be denied.

IT IS FURTHER RECOMMENDED that the Court not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 20th day of June, 2019.

_____
UNITED STATES MAGISTRATE JUDGE